United States District Court
Southern District of Texas
**ENTERED**
January 25, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BRIAN WILLIAM DOUD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-00374 |
| | § | |
| NATASHA MCMILLION, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DENY PLAINTIFF'S MOTION TO REOPEN COMPLAINT

Plaintiff Brian William Doud, a Texas inmate appearing *pro se* and *in forma pauperis*, had filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending is Plaintiff's Motion Reconsider. (D.E. 59). The Court construes this motion as a motion for reconsideration of the Court's final judgment. For the reasons stated below, it is respectfully recommended that Plaintiff's motion be **DENIED**.

## I.   BACKGROUND

At the time Plaintiff filed this action, he was confined at the E. Gloss Brenner Unit in San Diego, Texas. Plaintiff was later released and it is unclear to the Court whether he currently resides in Bacliff, Texas (D.E. 48-1) or in LaPorte, Texas (D.E. 59-1). In his original complaint, Plaintiff sued the following defendants: (1) Natasha McMillion; (2) Ronnie Perez; (3) Loiuse Tavares; (4) Delia G. Villarreal; and (5) Dr. Alejandro Lopez, Jr. (D.E. 1). Plaintiff also filed motions for class certification. (D.E. 6, 9).

On January 16, 2020, the undersigned directed Plaintiff to file an amended complaint. (D.E. 15). Plaintiff filed his amended complaint on March 27, 2020. (D.E. 38). On April 7, 2020, Plaintiff filed a Notice of Change of Address, stating that his current address is "4818 10th Street, Bacliff, TX 77518." (D.E. 42).

On May 20, 2020, the Court scheduled a telephonic hearing to be held on May 26, 2020, regarding Plaintiff's amended complaint. (D.E. 45). On May 26, 2020, the Court re-scheduled the telephonic hearing to take place on June 3, 2020, at 2:00 p.m. (D.E. 46). Because Plaintiff failed to make an appearance at the telephone hearing, the Court called the case at 2:14 p.m.

On June 3, 2020, the undersigned ordered Plaintiff to show cause why his case should not be dismissed for want of prosecution. (D.E. 47). On June 12, 2020, the Court received a letter from Plaintiff, in which he indicated that he did not receive notice of the telephone hearing to be held on May 26, 2020. (D.E. 48). Plaintiff indicated that the address listed on the docket remains his current address. He also provided a phone number where he can be reached.

On June 23, 2020, the undersigned scheduled a telephone hearing to take place on June 30, 2020, at 3:00 p.m. (D.E. 49). Plaintiff, however, failed to make an appearance at the scheduled hearing. The Court unsuccessfully attempted to reach Plaintiff multiple times by calling or texting the telephone number provided by Plaintiff. Because Plaintiff failed to appear as ordered, the Court called the case at 3:15 p.m.

On June 30, 2020, the undersigned entered a Memorandum and Recommendation ("M&R") recommending that Plaintiff's complaint be dismissed under Rule 41(b) for failure to prosecute.  (D.E. 50).  Plaintiff did not file any objections to the M&R.  On July 28, 2020, District Judge David S. Morales adopted the M&R and entered final judgment in this case.  (D.E.s 54, 55).

## II.    DISCUSSION

On January 13, 2021, Plaintiff filed a Motion for Reconsideration.  (D.E. 59). Therein, Plaintiff asks the Court to "revisit" his case and provides no new information or argument.  (D.E. 59, p. 1).

Plaintiff has filed this motion nearly six months after the final judgment was entered. He provides nothing to suggest that any additional information will prove helpful in connection with this case.  The undersigned finds that Plaintiff's motion as presented is more appropriately construed as a motion for reconsideration of the Court's final judgment.

A motion which challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Rule 59 or a motion for relief from judgment under Rule 60(b).  *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994).  Because Plaintiff did not file his motion within 28 days after entry of final judgment, it is treated as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure sets out five specific bases for granting relief from a final judgment:  (1) mistake, inadvertence, surprise, or excusable

neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse party; (4) the judgment is void; and (5) satisfaction, discharge, or release of the judgment. Fed. R. Civ. P. 60(b)(1)-(5). In addition, Rule 60(b)(6) provides that a Court may relieve a party from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This "any other reason" clause is a "grand reservoir of equitable power" to do justice in a case when relief is not warranted by the five enumerated grounds. *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (citations omitted). This relief will be granted only if "extraordinary circumstances" are present. *Id.*

Plaintiff has failed to convince the undersigned that he is entitled to relief under any of the Rule 60(b) provisions. He provides either vague conclusory statements or the promise of additional information in support of his claims that seek to challenge the invalidity of his underlying conviction. Such claims, however, have already been properly dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff, therefore, is not entitled to relief from the final judgment entered in this case.

## I.     RECOMMENDATION.

For the foregoing reasons, it is respectfully recommended that Plaintiff's Motion for Reconsideration, construed as a Rule 60(b) motion for relief from judgment (D.E. 59), be **DENIED**.

Respectfully submitted on January 25, 2021.

_____
Julie K. Hampton
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).